HENRY B. REED & others, trustees, *vs.* JOHN S. FOGG.

Norfolk. November 13, 1923. — March 5, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* Construction of instrument creating trust. *Religious Society.*
*Probate Court,* Decree.

A testator established a trust fund and directed the trustee to pay the
income thereof quarterly " to the treasurer of the Union Congregational
Society of Weymouth, the church where I now attend, so long as it
shall remain of the same denomination or faith, or in the event of the
removal or destruction of its present church edifice and the said Society
uniting with another Society of the same denomination within the
limits which now constitute Ward Five, and such new Society adopting
the name of the Union Congregational Society of Weymouth and not
otherwise." The purposes stated were: To keep "the church edifice
in good repair," the income to be " first applied to keeping the church
in such repair as shall render the buildings attractive and durable,"
to provide for its insurance, to pay a sum not exceeding $500 a year
" for an organist for the church; " the remainder to be used for repair of
walks and the adornment of the grounds around the church. Another
Congregational society conveyed to the first all its property and funds,
since which time church services were held for the most part in a build-
ing owned by the second society and the building referred to in the
will was used for the meetings of societies connected with the church,
for entertainments, and on one occasion for funeral services; and a part
of it was used for gymnasium purposes. It was open every day.
*Held,* that

(1) The event which the testator provided for in the clause relating
to the removal or destruction " of its present church edifice," and the
uniting of the Union Congregational Society with another society, had
no application to existing conditions;

(2) The Union Congregational Society had not ceased to exist;

(3) The fact that the church building had not been removed or de-
stroyed and that the society held its Sunday services in another build-
ing did not cause the trust to fail;

(4) The *cy pres* doctrine was not applicable;

(5) The income should be paid by the trustee for the purposes stated
in the will.

PETITION, filed in the Probate Court for the county of
Norfolk on May 4, 1920, by trustees under the will of John
S. Fogg, late of Weymouth, for instructions.

In the Probate Court, the facts were agreed upon.   Material facts are described in the opinion.   The petition was heard by *McCoole*, J., by whose order there was entered a decree that the trust fund, to which the petition related, was charged with a valid public charitable trust and that it was the duty of the trustees in administering it to pay over the income thereof " to the said Congregational Society of Weymouth, to be used by said society for the maintenance and repair of its church building or buildings and for the care of the grounds about the same."   John S. Fogg, a grandson of the testator and his only heir at law, appealed.

*F. J. Geogan*, (*G. W. Kelley* with him,) for Fogg.

*A. H. Wellman*, (*S. H. Wellman* with him,) for Union Congregational Church of Weymouth.

CARROLL, J.   John S. Fogg, late of Weymouth, died May 16, 1892.   By the third clause of Item 6 of his will, dated January 10, 1891, and allowed on June 8, 1892, he established a trust fund of $25,000, the trustees being directed to pay the income of the fund quarterly " to the treasurer of the Union Congregational Society of Weymouth, the church where I now attend, so long as it shall remain of the same denomination or faith, or in the event of the removal or destruction of its present church edifice and the said Society uniting with another Society of the same denomination within the limits which now constitute Ward Five, and such new Society adopting the name of the Union Congregational Society of Weymouth and not otherwise," for the following purposes: To keep " the church edifice in good repair," the income to be " first applied to keeping the church in such repair as shall render the buildings attractive and durable," to provide for its insurance, to pay a sum not exceeding $500 a year " for an organist for the church; " the remainder to be used for repair of walks and the adornment of the grounds around the church.

It is agreed that the Union Congregational Society is of the same faith and denomination as of the time of John S. Fogg's death, and that its church building, erected in 1872, is still standing in the original location.

The Second Congregational Church, known as " Old

South," was organized in 1723 and incorporated in 1892 as the Old South Church of Weymouth. Its church edifice, as well as that of the Union Congregational Society, is located within the territory known as ward 5 at the time of the testator's death. In 1918 a plan of merger of both societies was agreed upon, and the property and funds of the Old South Church were transferred to the Union Congregational Society. Since November 30, 1918, Sunday morning services have been held in the Old South Meeting House, except on Easter Sunday in the year 1922, when they were held in the building of the Union Congregational Society. Since November, 1918, the building has been used for the meetings of societies connected with the church, for entertainments, and on one occasion for funeral services. Prior to the so called merger, a portion of the Union Church building was fitted up as a gymnasium, and part of it is now used for such purposes; it is open every day and the Old South Meeting House is open only on Sundays.

The trustees petitioned to be instructed as to the disposition of the income of the trust fund. The contention of the appellant, the testator's only heir at law, is that the trust has failed and that he is entitled to the fund. The Union Congregational Society contends that the income should be paid according to the terms of the will and that nothing has occurred to affect the disposition of the income. In the Probate Court, a decree was entered directing the trustees to pay over the income to the Union Congregational Society of Weymouth, " to be used by said society for the maintenance and repair of its church building or buildings and for the care of the grounds about the same."

The Union Congregational Society of Weymouth was to receive the income of the fund while it remained in the same faith and was of the same denomination as it was when the will was made. It has not changed in this respect. It has continued in the same faith and belongs to the same denomination.

The conveyance of the funds and property of the Old South Church of Weymouth to the Union Congregational Society, and its reception of new members, did not deprive

it of the testator's gift. He gave this fund of $25,000 to the trustees, to be used for the benefit of the society to which he belonged, for the care of its church which he attended, to " render the buildings attractive and durable," to provide for the insurance of the church edifice against fire, to pay the salary of an organist, and to adorn the church grounds. The event which the testator provided for in the clause relating to the removal or destruction " of its present church edifice," and the uniting of the Union Congregational Society with another society, has no application to existing conditions. There is nothing in the will precluding the Union Congregational Society from uniting with the Old South Church, a society of the same denomination, and worshipping within the same territory designated in the will. It was not inconsistent with the intention of the testator, expressed in his will, that the society of which he was a member should unite with others of the same faith.

The Union Congregational Society, of which the testator was a member, has not ceased to exist, as contended by the appellant. The fact that the church building has not been removed or destroyed, and that the society holds its Sunday services in another building, do not cause the trust to fail. The *cy pres* doctrine is not applicable. The trustees are to pay the income of the fund to the treasurer of the Union Congregational Society for the uses mentioned in the will.

The decree of the Probate Court is to be modified by directing the trustees to pay the income to the treasurer of the Union Congregational Society for the purpose of keeping the original church edifice of the Union Congregational Society in repair, insuring it against fire, paying the salary of an organist for the church where the Union Congregational Society worships, not exceeding $500 a year, keeping the walks in good repair, and adorning the grounds around said church edifice, known as the Union Congregational Church; and as so modified it is affirmed.

*Ordered accordingly.*