UNION CONGREGATIONAL SOCIETY OF WEYMOUTH *vs.* SOUTH SHORE NATIONAL BANK OF QUINCY, trustee, & others.

Norfolk.    January 4, 1961. — February 7, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Trust,* Charitable trust. *Religious Society.*

Where a will directed payment of income of a trust fund to the treasurer of a named religious society "so long as it shall remain of the same denomination . . . or in the event of the removal or destruction of its present church edifice and the said Society uniting with another . . . [organization] of the same denomination . . . and such new Society adopting the name of the . . . [society designated in the will], and not otherwise," for the purposes of keeping "the church edifice" repaired and insured, its walks repaired, and its grounds adorned, and of paying for the services of its organist, and it appeared that in a merger of the society and another organization of the same denomination the other organization's property was conveyed to the society and the society's legal name was retained and that thereafter the society

held its services in the church formerly of the other organization and the society's original church ultimately was demolished, it was proper to order use of the trust income for the prescribed purposes in connection with the church in which the society worshipped and the organist thereof, even though the merger of the two organizations did not create a "new Society" and after the merger a name indicative of the combined organizations was popularly used.

PETITION filed in the Probate Court for the county of Norfolk on February 16, 1959.

The case was heard by *Reynolds, J.*

*Floyd H. Gilbert,* (*Robert M. Fletcher* with him,) for the respondent Fogg.

*Lewis L. Wadsworth,* (*Roger B. Hunt* with him,) for the petitioner.

WHITTEMORE, J.   This is a petition for a declaratory decree in respect of a trust for the benefit of Union Congregational Society of Weymouth under the will of John S. Fogg, late of Weymouth, who died May 16, 1892.   Marion F. Fogg, executrix under the will of an heir at law of the testator, has appealed from the decree in the Norfolk Probate Court.   The trust is "To pay the net income of twenty-five thousand dollars of said trust fund, in regular quarter-annual installments, to the treasurer of the Union Congregational Society of Weymouth, the church where I now attend, so long as it shall remain of the same denomination or faith, or in the event of the removal or destruction of its present church edifice and the said Society uniting with another Society of the same denomination within the limits which now constitute Ward Five, and such new Society adopting the name of the Union Congregational Society of Weymouth, and not otherwise, for the following uses and purposes, to wit;—(A) . . . keeping the church edifice in good repair . . . . (B) . . . keeping said church edifice amply and fully insured . . . . (C) To pay such sum as may be necessary, not exceeding . . . $500 . . . a year for an organist for the church. (D) . . . to keep the walks around said Church in good repair and to beautify and adorn the grounds."

342 Mass. 41                                                            43

Union Congregational Society of Weymouth *v.* South Shore National Bank.

In *Reed* v. *Fogg,* 248 Mass. 336, 339, this court held that the merger of Union Congregational Society with Second Congregational Church (Old South) also located in ward 5, a society of the same denomination, accomplished by transfer of the Old South's property to the Union Congregational Society, was not inconsistent with the intent of the testator; the Union Congregational Society had not ceased to exist; the facts that the original church building had not been removed or destroyed and that the society was holding its Sunday services in the Old South did not cause the trust to fail; the doctrine of cy pres was not applicable. Because the building, since November, 1918, had remained in use as a parish house, the decision modified the decree of the Probate Court to direct that the fund be used to keep that building, the original church edifice, in repair, insuring it against fire, paying the salary of an organist for the church where the Union Congregational Society then worshipped, keeping the walks in good repair, and adorning the grounds around the original edifice.

The report of material facts in the present appeal shows that in the 1950's the society had considered and rejected the possibility of renovating or remodelling the original edifice in favor of new construction which was completed in 1958. Thereafter the original edifice "no longer . . . serve[d] any useful purpose" and it has not been used. The report also shows these facts: although upon the merger in 1918 the property of the Old South was conveyed to the petitioner so that the corporate name remains, since 1918 the name "Old South Union Church" has been in general use to describe the merged churches, as was provided in the plan of merger; since the decree after rescript the income has been used as set forth in the decree including the payment of salary of an organist in the Old South; the society has remained of the same denomination.

The decree provided in substance that inasmuch as it appears that the original church edifice is to be demolished,[1]

---

[1] A stipulation informs us that the contemplated demolition has occurred.

from and after demolition the accumulated and accruing income should be paid for these purposes: to keep in repair the building in which the society from time to time worships, insuring it, paying the salary of its organist not exceeding $500 a year, keeping the walks in good repair, and adorning the grounds around the church.

There was no error. The testator's primary intention was to benefit the church society to which he belonged so long as it remained of the same denomination or faith. He wished to do this in the first instance by providing for the upkeep of the original building and grounds so long as that building should be used by the church society and by assisting in paying an organist for the services of the society. The inference is inescapable that the testator had the same intent in respect of a succeeding edifice used by the original church society. The language is "to the treasurer of . . . the church where I now attend, so long as it shall remain of the same denomination or faith . . . (A) For the purpose of keeping the church edifice in good repair . . . ." In context this means the edifice used by that church society whether the original or a succeeding edifice. Strictly, as the merger had not been accomplished by the creation of a "new Society" the alternative clause is not operative. But we assume that the merger was a "uniting with another Society" within the testator's intent. The *Reed* case, *supra,* held that nothing in the will precluded "uniting with the Old South Church, a society of the same denomination, and worshipping within the same territory." We hold that the will contemplated if such a union took place without the creation of a new society and the original edifice should be destroyed, the income should be used in connection with the succeeding church edifice. The 1924 decree, in ordering payment to the organist in the Old South, the building where the society worshipped after 1918, recognized the use of the income in connection with a succeeding structure.

The popular use of the name Old South Union Church for the Union Congregational Society of Weymouth was pro-

vided for in the new constitution and by-laws adopted on merger which were set out in the agreed facts in the *Reed* case. We see no basis for now contending that the use of this nonlegal and informal name risked losing the beneficial interest under the trust.

There is no occasion to apply the doctrine of cy pres. Restatement 2d: Trusts, § 399 (p), with reference to change of site of a charity, states that ''In so directing the court is not necessarily resorting to the doctrine of cy pres, since under its general power over the administration of trusts it can permit deviations from the terms of the trust of this character.'' This is a stronger case for, as we construe the will, there is no deviation from the implied intent.

The decree is affirmed with costs of the appeal to be awarded in the discretion of the probate judge.

*So ordered.*